UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUTHER RAY DENNIS, <br><br> Plaintiff, <br><br> v. <br><br> MARK C. CURRAN, LAKE COUNTY SHERIFF; TED UCHIEK, DEPUTY CHIEF OF CORRECTIONS; LAKE COUNTY, ILLINOIS <br><br> Defendants. | No. 16 C 6014 |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is a motion to dismiss Plaintiff Luther Ray Dennis' ("Dennis") amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Marc Curran ("Curran"), Ted Uchiek ("Uchiek"), and Lake County, Illinois ("Lake County") (collectively, "Defendants"). For the following reasons, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following facts are taken from Dennis' Amended Complaint and are assumed to be true for purposes of this motion to dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). The Court draws all reasonable inferences in favor of Dennis. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

1

Before his detention in the Lake County Jail, Dennis suffered third degree burns that permanently damaged muscles and nerve endings in his legs, leaving him disabled. For mobility, Dennis requires the aid of a cane or wheelchair. Dennis has been incarcerated as a pretrial detainee at the Lake County Jail since December 30, 2015. On or around January 7, 2016 through June 1, 2016 Dennis was confined to non-handicap accessible floors within the Lake County Jail. Additionally, he alleges similar confinement from July 23, 2016 to August 9, 2016. Dennis claims that he made requests for wheelchair accessible showers and appropriate toilet facilities, but he was not given such accommodations. Dennis asserts that he was forced to shower while sitting on a "wheel in a toilet chair," "a day room chair" or his wheelchair, instead of a handicapped accessible chair and he was unable to clean his body. Dennis alleges that he fell on several occasions while trying to maneuver his body from the wheelchair to the non-handicap accessible shower. As a result, Dennis suffered injuries to his knee and hip. For a period of three to four months, Dennis claims that he also made several requests to Defendant Uchiek for a medical exam with regard to his hip and knee. According to the Amended Complaint, Uchiek ignored Dennis' requests for medical treatment. Dennis contends that he has exhausted the administrative remedies available to him. Accordingly, Dennis brings a 42 U.S.C. § 1983 claim against Ted Uchiek (Count I); a violation of Section 202 the Americans with Disabilities Act ("ADA") against each named Defendant (Count II); a violation of Section 504 of the Rehabilitation Act against each named Defendant (Count III); a

42 U.S.C. § 1983 *Monell* claim against Curran (Count IV); and a 42 U.S.C. § 1983 *Monell* claim against Lake County, Illinois (Count V). Defendants now move to dismiss all counts.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678.

## DISCUSSION

I.    **Count I—42 U.S.C. § 1983 Against Ted Uchiek**

Currently, the Amended Complaint names Uchiek in his official capacity. Plaintiff states that the allegations should have been brought against Uchiek in his individual capacity. The Court construes Plaintiff's statement as a request for leave to amend the caption of the Amended Complaint. The Clerk is directed to amend the caption of the Amended Complaint, naming Uchiek in his individual capacity.

To succeed on an individual capacity claim under 42 U.S.C. § 1983, Dennis must show Uchiek, while acting under the color of state law, personally caused or participated in the alleged constitutional deprivation." *Hoskins v. Dart*, No. 09 CV 5145, 2010 WL 4823065, at *2 (N.D. Ill. Nov. 15, 2010). A plaintiff claiming a constitutional violation under § 1983 must meet both an objective and a subjective component. *Id.* Objectively, the plaintiff must show that the deprivation he suffered was "sufficiently serious; that is, it must result in the denial of the minimal civilized measure of life's necessities." *Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002). Subjectively, an inmate must establish that prison officials acted with a "'sufficiently culpable state of mind'" to support liability under § 1983. *Greeno v. Daley,* 414 F.3d 645, 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 (1994)). Although negligence or inadvertence will not support a deliberate indifference claim, an inmate need not establish that prison officials actually intended

harm to befall him from the failure to provide adequate care. *Walker*, 293 F.3d at 1037. "[I]t is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno,* 414 F.3d at 653.

In the instant matter, Dennis claims Uchiek was personally aware of his disability and acted with deliberate indifference to deprive him of his rights under the Eighth and Fourteenth Amendments. Specifically, the Amended Complaint alleges that Uchiek failed to provide Dennis with: (i) accommodations for his disability including: (a) failing to provide wheelchair accessible showers, (b) appropriate toilet facilities, (c) access to religious services, (d) access to outdoor or indoor recreational services/facilities for wheelchair-bound persons, (ii) failing to provide Plaintiff with proper medical treatment, and (iii) failing to provide safe and sanitary living conditions for a disabled individual. With the exception of allegation (ii), we find Dennis has pleaded insufficient facts to support a reasonable inference that Uchiek acted with deliberate indifference toward him.

The Amended Complaint only offers one sentence to allege that Uchiek acted with deliberate indifference by failing to accommodate Dennis' disability. Dennis alleges Uchiek "acting with deliberate indifference [] fail[ed] to provide [Dennis] with accommodations for his disability, including [] wheelchair accessible showers, appropriate toilet facilities," and wheelchair accessible religious services and recreational activities. To survive a motion to dismiss, Dennis must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action." *Twombly*, 550 U.S. at 555. Without more factual support, this Court is unable to draw a reasonable inference that Uchiek is liable for the misconduct alleged. *See Iqbal*, 556 U.S. 662 (2009). Since the facts in the Amended Complaint do not support an allegation that Uchiek acted with deliberate indifference, allegations (i) and (iii) under Count One are dismissed.

As to allegation (ii), Dennis has sufficiently alleged that Uchiek acted with deliberate indifference to his serious medical need. In the medical care context, the objective element is satisfied when an inmate demonstrates that his medical need itself was sufficiently serious. *Gutierrez v. Peters,* 111 F.3d 1364, 1369 (7th Cir.1997). A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician as mandating treatment or [] is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno,* 414 F.3d at 653. A medical condition can be found to be serious if it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy,* 593 F.3d 610, 620 (7th Cir. 2010).

Dennis alleges that Uchiek was aware that Dennis had a knee and hip injury from reading his grievance forms. Defendants concede this point in their Memorandum in Support of their Motion to Dismiss by claiming Uchiek responded on several occasions to Dennis' medical grievances. Although defendants are correct in stating that, generally, non-medical professionals are entitled to "rely on and defer to the judgment of medical professionals, non-medical 'prison officials may be found

to be deliberately indifferent to a prisoner's serious medical needs if they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a patient.'" *Rice v. Wexford Health Serv., Inc* (quoting *Burks v. Raemisch*, 555 F.3d 592, 900 (7th Cir. 2009)). Here, Dennis alleges that Uchiek was aware that he had made requests to be seen by a bone specialist and have an MRI taken on his knee and hip given the various grievances that he filed on this matter. Ucheik responded on several occasions to Dennis that the medical staff was aware of Dennis' requests for treatment. Uchiek further responded that he believed the medical staff was actively treating Dennis, and that further issues should be addressed with medical staff. Evidence may later reveal that Uchiek acted appropriately in his responses to Dennis' grievances. However, viewing the claims in the light most favorable to Dennis, this Court finds that he has plausibly alleged a constitutional violation. Therefore, Defendants' motion to dismiss with regard to allegation (ii) of Count One is denied.

**II. Count II Violations of the Americans with Disabilities Act and Count III Violations of the Rehabilitation Act of 1973**
**A.**

To state a claim under Title II of the ADA, a plaintiff must prove that he: (i) is a qualified individual with a disability; and (ii) was denied the benefit of services, programs, or activities at the prison facility because his disability was not reasonably accommodated. *Boston v. Dart*, No. 14 CV 8680, 2015 WL 4638044, at *2 (N.D. Ill. Aug. 4, 2015). The Rehab Act is co-extensive with the ADA. Thus, the analysis

7

under both statutes is the same, with the exception that the Rehabilitation Act includes a requirement that the relevant public entity accept federal funds. 29 U.S.C. § 794(a); *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012). Accordingly, "courts construe and apply" the ADA and the Rehab Act "in a consistent manner." *Boston*, 2015 WL 4638044, at *2 discussing *Radaszewski ex rel. Radaszewski v. Maram,* 383 F.3d 599, 607 (7th Cir. 2004).

Both the ADA and the Rehabilitation Act have been interpreted to preclude suits against officials in their individual capacity. *See, e.g., Stanek v. St. Charles Community Unit School District No. 303,* 783 F.3d 637, 644 (7th Cir. 2015); *Garfield v. Cook Cnty,* 08 CV 6657, 2009 WL 4015553, at *2 (N.D. Ill. Nov. 19, 2009). Because Uchiek cannot be held liable in his individual capacity for Dennis' claims under the ADA and Rehabilitation Act, he is dismissed from Count Two.

**B.     ADA Claims**

Dennis alleges that, while a pre-trial detainee at Lake County Jail, Defendants discriminated against him because of his disability in violation of the Section II of the ADA. In the Amended Complaint Dennis claims that Defendants failed to provide: (i) wheelchair accessible showers; (ii) appropriate toilet facilities; (iii) access to religious services; (iv) access to outdoor or indoor recreational activities for wheelchair-bound persons; and (v) safe and sanitary living conditions for a disabled individual. For purposes of the instant motion, Defendants agree to assume that Dennis' injuries qualify as a disability and that religious services, showers, and recreational activities

8

constitute programs or services as defined by both the ADA and Rehabilitation Act. Since it is undisputed that Dennis is a qualified individual with a disability, the question before this Court is whether Dennis has sufficiently presented claims that he was denied programs, or services, amounting to a violation of the ADA and Rehabilitation Act.

Defendants assert that Dennis must allege that they "intentionally discriminated against him by denying him the benefits of a program or activity because of his disability." Defendants are correct that Dennis will need to show more than "mere negligence" to sufficiently prove a claim under Section II of the ADA with respect to compensatory damages. *Strominger v. Brock*, 592 F. App'x 508, 511-12 (7th Cir. 2014). However, at this stage of litigation, Dennis does not need to prove intentional discrimination, he must only sufficiently allege it. *Concentra*, 496 F.3d at 776 (quoting in part *Twombly*, at 1965).

Allegations (i), (ii), and (v)

In his Amended Complaint, Dennis states that he "made several requests" that Defendants did not reasonably accommodate. Dennis requested the he be transferred to housing units with "grab bars in the bathroom area," and a room with wheelchair access to the sink. He also asked for shower chairs that allowed him to reach the shower controls, which were "out of reach from the height of the chairs provided." According to Dennis, the lack of accommodations made him "unable to clean [his] body" and also caused him to injure himself. The Amended Complaint asserts that on

several occasions he fell "while trying to maneuver his body from the wheelchair to a non-handicap accessible shower." A complaint is meant to give the opposing party "'fair notice'" of what the claim against them will be. *Twombly*, 550 U.S. at 555. In this case, Dennis has sufficiently presented enough factual support with respect to his shower, toilet, and living arrangements to put defendants on notice of the claims against them.

Most of Defendants' arguments for dismissal are of little help at this current stage of litigation. With the exception of one case, all cases cited by Defendants dealt with dismissing the ADA claims at summary judgment. In the single case where the ADA claims were examined on a motion to dismiss, *Boston v. Dart*, the court found that Plaintiff's allegations stated a claim for relief under the ADA and the Rehabilitation Acts, and allowed the matter to proceed on those counts. Similarly, Dennis has sufficiently alleged he was denied benefits entitled to him due to the jail's failure to reasonably accommodate his disability. For that reason, allegations (i), (ii), and (v) of Count Two may proceed.

<u>Allegations (iii), and (iv)</u>

As to allegations (iii) and (iv), Defendants stress that Dennis' assertions are "bare bone allegations of 'intentional conduct'" that cannot withstand the scrutiny of the current motion to dismiss. We agree. Dennis has offered inadequate backing for his seemingly boilerplate allegations. As stated in the discussion of Count One, Dennis only puts forth one sentence in the entire compliant alleging denial of access

to religious services, outdoor activities, and indoor activities. This passing reference is not enough to give sufficient notice to Defendants as to what kind of access Dennis sought and how Defendants denied his requests. *See Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41,47 (1957)). Therefore, we dismiss allegations (iii) and (iv) of Count Two.

**C.     Rehabilitation Act Claims**

The analysis of a claim under the Rehabilitation Act is the same as a claim under the ADA, except for an additional element of the receipt of federal funds. The Court has found that at this juncture, Dennis has pled sufficient facts to allege an ADA claim with regards to allegations (i), (ii), and (v) under Count Two. Therefore, this Court holds there are sufficient facts to support allegations (i), (ii), and (v) under Count Three. While the Amended Complaint does not allege that Lake Jail receives federal funds, the Defendants did not challenge this prong in their briefs. Therefore, for the purpose of this motion to dismiss allegations (i), (ii), and (v) are allowed to proceed under Count Three.

**III.    Count IV - 42 U.S.C. § 1983 *Monell* Claim Against Mark Curran, Sheriff of Lake County and Count V - 42 U.S.C. § 1983 *Monell* Claim Against Lake County, Illinois**
**A.**

Dennis asserts that Curran, in his official capacity, violated Dennis' constitutional rights. Dennis' official capacity allegations against Curran "are simply a way of pleading an action against an entity of which the officer is an agent." *Crockwell v. Dart*, No. 13 C 4880, 2013 WL 6796788, at *2 (N.D. Ill. Dec. 23, 2013).

Thus, Dennis' official capacity allegations against Defendant Curran are in essence a suit against the Lake County Sheriff's Office. A municipality cannot be held liable solely on a respondeat superior basis. *Id.* at 691. There are three recognized ways for plaintiffs to assert municipal liability: "(1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a 'wide-spread practice' that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with 'final decision policymaking authority.'" *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) (quoting *McTigue v. City of Chi*, 60 F.3d 381, 382 (7th Cir. 1995)). The Seventh Circuit has not adopted any bright line rules in defining the term "widespread custom or practice" except to state that the allegedly unconstitutional conduct "must be more than one instance." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). Dennis relies on the second prong for his *Monell* claim.

In making his 1983 *Monell* claim, Dennis is alleging that the Lake County Sheriff's Office adopted a "policy of inaction" with respect to: (i) failure to provide proper medical equipment to adequately care for wheelchair-bound detainees; (ii) failure to provide reasonable accommodations for wheelchair-bound inmates to bathe; (iii) failure to provide proper medical care to wheelchair-bound inmates; (iv) failure to properly train, supervise, discipline, monitor, counsel, and otherwise control staff in reasonable accommodations for disabled detainees; and (v) failure to have the proper

12

equipment to accommodate disabled detainees. Defendants counter that Dennis' policy claims are "a shot in the dark" and "unsupported by [] facts." This Court agrees.

B. **Allegations (i), (iv), and (v)**

"Boilerplate" allegations that repeat the elements of a *Monell* claim without any further factual content are dismissed for failure to state a claim. See, e.g., *Falk v. Perez*, 973 F. Supp. 2d 850, 864 (N.D. Ill. 2013)("[B]y alleging 'widespread practices,' 'customs,' and 'unofficial policies,' Plaintiff merely states boilerplate legal conclusions that are the elements of her *Monell* claim."). In this matter, Dennis, like the plaintiff in *Falk,* has merely stated boilerplate legal conclusions unsupported by facts. Outside the sentences listing these allegations, the Amended Complaint and Response contain no assertions to raise these claims above a speculative level. Dennis has not provided facts alleging either a formal policy, or proof of repeated incidents suggesting a pattern or practice of indifference. Without further allegations of facts this Court is unable to draw a reasonable inference of a widespread practice or policy on the part of the Defendants. For that reason, we dismiss allegations (i), (iv), and (v).

C. **Allegation (ii)**

To find a municipality culpable under *Monell*, the plaintiff must show that the municipality deprived him of the "'minimal civilized measure of life necessities." *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). The Supreme Court has found facilities to wash and use the toilet to be "life's necessities" afforded

to prisoners.  *Rhodes v. Chapman*, 452 U.S. 337 (1981).  In the present case, Defendants argue that to state a sufficient claim under *Monell*, Dennis must allege a deprivation of a life necessity – a place to bathe.  We concur with the Defendants.

Dennis contends Defendants failed to provide reasonable accommodations to allow him and other inmates the ability to properly bathe as a violation of their constitutional rights. In *Jarvos*, the Seventh Circuit affirmed a lower court's dismissal of an inmates claim that the "absence of grab bars" in the shower made showering more difficult and violated his constitutional rights.  In that case, due to the difficulty in showering, Jaros limited himself to four showers a month. *Jaros,* at 671. Regardless, the Seventh Circuit found that no constitutional violation existed. In the instant matter, Dennis was not denied access to showering, but simply tools that would make showering easier. Since Dennis cannot allege that Defendants deprived him of a life necessity, we dismiss allegation (ii).

**D.    Allegation (iii)**

"§ 1983 liability does not permit [] liability to be imposed merely on evidence of the wrongful action of a single employee not authorized to make [department] policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  Defendants can only be liable for the unconstitutional acts of their employees if those acts were part of an official custom or policy. *Id.; See Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008).  In the Amended Complaint Dennis has only alleged specific facts against Uchiek with regard to failure to provide proper medical care.  Nowhere in the

complaint does Dennis claim Sheriff Curran is aware of Dennis' lack of medical treatment or the lack of medical treatment of any other inmate. Also, Dennis fails to allege any facts that other wheelchair-bound detainees have received improper medical treatment for injuries suffered at the jail. This lack of supporting fact allegation makes it difficult for the Court to determine that there is a policy at issue rather than the occurrence of a random event. *See Phelan v. Cook County*, 436 F.3d 773, 790 (7th Cir. 2006). Likewise, the cases put forth by Dennis fail to aid his claim that the Defendants had knowledge of a persistent problem within the facility, or that a problem even exists.

To support his claim, Dennis extensively relies on *Crockwell v. Dart*. A distinguishing factor, however, between *Crockwell* and the present matter is the plaintiff in *Crockwell* was able to demonstrate that Sheriff Dart was aware through separate litigation, *Phipps v. Sheriff of Cook County*, that his jail was depriving the constitutional rights of disabled detainees. The Phipps litigation in *Crockwell* not only served to show that Dart was aware of the constitutional violation, but the denial of services Crockwell was experiencing was not an isolated incident. Similarly, in *Blossom v. Dart,* the plaintiff was able to show that because of the Phipps lawsuit Dart revised the jail's policy for assigning housing to wheelchair-bound detainees, but did not adopt an accommodative housing policy for disabled detainees that were not wheelchair-bound. In this case, Dennis has not provided similar assertions to support his boilerplate allegation that an unconstitutional policy exists. Even if Dennis was

able to establish that an unconstitutional policy exists, he would still need to allege facts connecting Sheriff Curran or someone in a policy making capacity to the policy. Because Dennis has failed to allege sufficient facts to show that his alleged constitutional deprivations are the result of a "wide-spread practice" or governmental "custom" allegation (iii) is dismissed.

## CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss is granted in part and denied in part, as follows: Defendants' motion to dismiss is granted with regard to Counts Four and Five in their entirety; allegations (i) and (iii) of Count One; and allegations (iii) and (iv) of Counts Two and Three. Because Defendant Uchiek cannot be held liable in his individual capacity for claims under the ADA and Rehabilitation Act, he is dismissed for Counts Two and Three. All other motions are denied. It is so ordered.

ENTER:

_____
Charles P. Kocoras
United States District Judge

DATE: January 20, 2017